UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEREMY BOHLMAN,<br><br>           Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>           Respondent. | Case No. 2:19-cv-00366-DCN<br>         2:15-cr-00279-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in the above-entitled matters are Petitioner Jeremy Bohlman's Motion to Set Aside the Order Denying his § 2255 Motion (CV 21)[1] and Motion to Reconsider (CV 22). The parties have filed their responsive briefing on the Motions and/or the time for doing so has passed. The matter is, therefore, ripe for the Court's review.

On September 23, 2019, Bohlman filed his § 2255 Motion. CR 103; CV 1. On April 10, 2020, Bohlman requested a copy of the docket sheet. CV 14. The Court granted the Government's motion to extend briefing. CV 13. The Government filed its response on May 21, 2020. CV 15. On June 5, 2020, Bohlman filed a motion to continue for 90 to 120 days. CV 16. On June 15, 2020, the Court issued a docket entry order granting Bohlman's

---

[1] In this Order, "CR" is used when citing to the criminal case record in 2:15-cr-00279-EJL and "CV" is used when citing to the civil case record in 2:19-cv-00366-DCN.

motion and ordering that he would have until July 31, 2020, to reply to the Government's response. CV 17. A copy of the docket order was mailed to Bohlman. *Id*. On June 25, 2020, Bohlman requested copies of dockets 1 and 7 in his civil case. CV 18. Bohlman did not file a reply by July 31, 2020. Nor did he file a reply by October 4, 2020, which is 120 days after his initial motion to continue was received by the Court.

On November 10, 2020, the Court issued its order denying Bohlman's § 2255 motion (CV 19) and closed the case (CV 20). On January 8, Bohlman filed a motion to "set aside" the Court's denial of his § 2255 motion. CV 21. His reasons for the motion were COVID-19 made replying difficult and Bohlman had "assumed [his] request" for an extension, filed "3 months ago," had been "granted." *Id.* at 1.

The Court is not persuaded. Even if Bohlman did not, in fact, receive a mailed copy of the Court's order and assumed in its absence his motion was granted, he had by his own account until October 4, 2020, to respond.[2] He did not do so. Instead, he waited until January 2021, to request the Court to set aside its Order. *Id*. The Court afforded Bohlman sufficient time to reply. Bohlman did not take advantage of the time provided. Thus, the Court DENIES Bohlman's motion to set aside.

Bohlman also filed a motion for reconsideration based on a letter from the FBI that the FBI forensic examiner deviated during her trial testimony from the recommended language concerning the likelihood that certain DNA evidence belonged to a specific

---

[2] Bohlman also had the capability, know-how, and experience to request a docket sheet which would have shown the Court's order granting his motion to continue until July 31, 2020. *See* CV 14. For instance, he requested, and was sent, docket entries in June 2020, after he had filed his motion to continue. CV 18.

MEMORANDUM DECISION AND ORDER-2

person. CV 22. The FBI letter stated that the examiner correctly represented the likelihood ratio in the laboratory report "as well as correctly phrased [the evidence] two times" during her trial testimony. CV 23-1, at 3. However, the FBI identified the following testimony as deviating from the recommended language:

> "And the threshold we have is that likelihood ratio has to reach 700 billion times more likely to have originated from a person of interest or 430 million times more likely for the Native American populations groups that we calculated." Whereas this should have been expressed as "And the threshold we have is that the DNA evidence has to be at least 700 billion times more likely if it have [sic] originated from a person of interest rather than an unknown, unrelated individual in the four major population groups. And the threshold is 430 million in the Native American population groups."

CV 23-1, at 4.

At the heart of Bohlman's motion to reconsider is whether the examiner's testimony regarding the DNA evidence altered the outcome of the trial. The examiner was testifying as to how likely it was that the DNA evidence came from Bohlman or, in other words, that the DNA evidence showed that Bohlman had intercourse with the victim. In the opening statement at trial, defense counsel laid out Bohlman's theory of the case: the alleged sexual assault between Bohlman and the victim was actually a consensual sexual encounter. CR 89, at 97. When Defendant Bohlman took the stand during trial, he described in detail the sexual intercourse he engaged in with the victim. CR 91, at 438–40. In other words, he admitted the act, but denied it was non-consensual. *Id*. Due to the trial record, including the fact that the examiner "correctly represented" her lab findings two other times during her trial testimony, the Government argues that the trial outcome would not have been different if the examiner had consistently used the recommended language. CV 23, at 6.

MEMORANDUM DECISION AND ORDER-3

Accuracy in expert testimony is extremely important. The FBI was correct to disclose the examiner's variance from the recommended language to the prosecutor, and in turn the prosecutor was right to convey that disclosure to Bohlman.

Here, however, the Court does not see how the subtle and highly technical error in the wording of likelihood ratios would change the strength of the DNA evidence in a meaningful way, given that the Defendant himself testified he had sexual intercourse with the victim. *See United States v. Caldwell,* 963 F.3d 1067, 1078–80 (11th Cir. 2020) (denying a Federal Rules of Criminal Procedure Rule 33 motion on the grounds that the defendant failed to show that the result of the trial would have been different had the DNA expert's testimony mirrored the recommended language regarding likelihood ratios where the expert's other testimony was accurate and there was other evidence of the defendant's guilt during trial). The examiner using incorrect terminology once, while using the correct terminology other times, along with Bohlman's own admission at trial that he did, in fact, have sexual intercourse with the victim (in addition to the other evidence) does not indicate that Bohlman "would have probably been acquitted in a new trial," as the dispositive trial issue was whether the sexual encounter was consensual, not whether it occurred. *See United States v. Hinkson*, 585 F.3d 1247, 1263–64 (9th Cir. 2009). Nor does the FBI letter aid in Bolman's claims that his counsel was ineffective.

Accordingly, the Court DENIES Bohlman's motion to reconsider. IT IS HEREBY ORDERED:

1. Petitioner's Motion to Set Aside the Court's Order Denying § 2255 Motion (Dkt. 21, Case No. 2:19-cv-00366) is **DENIED**.

MEMORANDUM DECISION AND ORDER-4

2. Petitioner's Motion to Reconsider (Dkt. 22, Case No. 2:19-cv-00366) is also **DENIED**.

3. This case remains closed.

DATED: February 24, 2021

David C. Nye
Chief U.S. District Court Judge