UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEREMY BOHLMAN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA.<br><br>Respondent. | Case No. 2:19-cv-00366-DCN<br>            2:15-cr-00279-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court in the above-entitled matters are Petitioner Jeremy Bohlman's Motion Under Civil Rule 60(b) (CV 26)[1] and the Government's Motion to Dismiss (CV 29). The time for filing responsive briefing on the motions has passed. The matter is, therefore, ripe for the Court's review.

The Government's Motion to Dismiss (the "Government's Motion) asserts that this Court lacks jurisdiction to consider Bohlman's Motion Under Rule 60(b) ("Bohlman's Motion). Though Bohlman characterizes his as a Rule 60(b) motion, the Government argues that it is instead a successive § 2255 motion. If it is a successive § 2255 motion, then this Court lacks jurisdiction to consider Bohlman's Motion because it has not been

---

[1] In this Order, "CR" is used when citing to the criminal case record in 2:15-cr-00279-EJL and "CV" is used when citing to the civil case record in 2:19-cv-00366-DCN.

certified by a Ninth Circuit panel. 28 U.S.C. § 2255(h).

After reviewing Bohlman's Motion, the Court finds that it is indeed a successive § 2255 motion. For that reason, the Court GRANTS the Government's Motion (CV 29) and DISMISSES Bohlman's Motion (CV 26).

## II. BACKGROUND

On September 23, 2019, Bohlman filed his first § 2255 motion. CR 103; CV 1. A week later, he filed a second § 2255 motion. CV 7. The Court construed this second motion as a supplement to the original §2255 motion rather than a successive motion, but the Court "warned, however, that filing successive § 2255 motions without a court of appeals' authorization is typically improper and may lead to summary dismissal of the second motion." CV. 19, at 1 n.1. The Court then denied his § 2255 motion. CV 19. That did not deter Bohlman.

On January 8, 2021, he filed a Motion to Set Aside the Denial (CV 21) and a Motion for Reconsideration (CV 22). He based his motion for reconsideration on a letter from the FBI that the FBI forensic examiner deviated during her trial testimony from the recommended language concerning the likelihood that certain DNA evidence belonged to a specific person. CV 22. This Court found that the error in wording was "subtle and highly technical" and would not "change the strength of the DNA evidence in a meaningful way." CV 25, at 4. The Court denied both motions. CV 25.

After the Court's ruling on those motions, Bohlman filed his present motion, which he characterizes as a Rule 60(b) motion. CV 26. In it, he raises the same issues he raised in his motion for reconsideration.

MEMORANDUM DECISION AND ORDER - 2

### III. ANALYSIS

"A second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255(h). The court of appeals must certify that the motion contains either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* Meeting this standard is difficult, so "petitioners often attempt to characterize their motions in a way that will avoid the strictures of § 2255(h)," such as characterizing it as a motion under Rule 60(b). *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).

Because this Court lacks jurisdiction to consider a successive, uncertified § 2255 motion, the Court first must determine whether Bohlman's Motion is a successive § 2255 motion or a Rule 60(b) motion.

"[A] Rule 60(b) motion that attacks 'some defect in the integrity of the federal habeas proceedings' is not a disguised § 2255 motion but rather 'has an unquestionably valid role to play in habeas cases.'" *United States v. Washington*, 653 F.3d 1057, 1060 (9th Cir. 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532, 534 (2005)). Examples of legitimate Rule 60(b) contentions include "the existence of a fraud on the federal habeas court" and "a district court erred in making a procedural ruling." *Id.* at 1063 (cleaned up).

However, "if the motion presents a claim, i.e., an asserted federal basis for relief from a judgment of conviction, then it is, in substance, a new request for relief on the merits

MEMORANDUM DECISION AND ORDER - 3

and should be treated as a disguised § 2255 motion." *Id.* (cleaned up). Examples of such motions include "a motion to present newly discovered evidence in support of a claim previously denied" and "a motion that attacks the federal court's previous resolution of a claim on the merits." *Id.* (internal quotations omitted).

Bohlman's Motion challenges on the merits the Court's previous resolutions regarding his earlier § 2255 motion and his follow-up motion to reconsider. In his motion to reconsider, he argued that the letter about the forensic examiner's testimony was new evidence not available to him at the time of his § 2255 motion. CV 22, at 1–2. The Court denied that motion. CV 25. The present motion raises the same argument. Accordingly, it is a request for relief on the merits and is therefore a successive § 2255 motion rather than a Rule 60(b) motion.

Because it is a successive §2255 motion and was not certified by the Ninth Circuit, this Court lacks jurisdiction to review the motion.[2]

### IV. CONCLUSION

The Court GRANTS the Government's Motion to Dismiss (CV 29). Accordingly, it also DISMISSES Bohlman's Motion (CV 26).

---

[2] Ninth Circuit Rule 22-3(a) provides, "If an unauthorized second or successive section 2254 or section 2255 motion is submitted to the district court, the district court may, in the interests of justice refer it to the court of appeals." The Court is not required to refer Bohlman's unauthorized motion. *United States v. Baugus*, 796 Fed. App'x. 469 (Mem) (9th Cir. 2020). The Court declines to exercise its discretion to refer the motion to the Ninth Circuit. If Bohlman would like to file a successive §2255 motion, he must first file an application in the court of appeals demonstrating his entitlement to such leave and get that court's authorization to do so. *See* 9th Cir. R. 22-3(a).

## VI. ORDER

The Court HEREBY ORDERS:

1. The Government's Motion to Dismiss (CV 29) is GRANTED.

2. Bohlman's Motion (CV 26) is DISMISSED.

DATED: December 1, 2021

_____
David C. Nye
Chief U.S. District Court Judge